RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

AUG - 9 2023

Wendy R. [illegible], Clerk
U.S. [illegible]
W.D. OF TN. Memphis

**GLENN THOMAS COLLINS,**

**v.**

Civil No. _____

**STATE OF TENNESSEE.**

---

## MEMORANDUM OF LAW IN SUPPORT OF A PETITION FOR A WRIT OF HABEAS CORPUS

---

NOW COMES Movant, Glenn Thomas Collins, who moves this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Applicant is in custody pursuant to the judgment of a State court, he has exhausted the remedies available to him in the courts of the State, there is an absence of available state corrective process. and circumstances exist that render such process ineffective to protect the rights of the applicant.

## BACKGROUND

On April 22, 1992, Mr. Collins was charged in the Criminal Court for Knox County, Tennessee with an eight Count presentment, consisting of two counts of first degree premeditated murder, two courts of first degree felony murder during the perpetration of a robbery, two counts of first degree felony murder during the perpetration of a theft, and two counts of aggravated robbery.

On June 20, 1994, attorney James Bell was appointed lead counsel to represent Mr. Collins. On November 14, 1994, Collins pled guilty to two counts of first degree felony murder during the perpetration of a robbery, and was sentenced to two consecutive life sentences, to be served consecutively to other sentences previously imposed in other cases.

As part of the inducement to plead guilty, Collins' attorney reviewed with him some of the purported evidence which would be used against him at a trial. Among that evidence was a FBI crime lab report, dated June 22, 1992, which stated that human hair found on a hat at the crime scene had been positively identified as belonging to Mr. Collins' codefendant. Using this false evidence, Collins' attorney convinced him to plead guilty.

On November 13, 1995, Collins filed for state post-conviction relief. On March 3, 1998, the post-conviction court dismissed his petition for habeas relief. On May 28, 1999, the Court of Criminal Appeals of Tennessee upheld the denial of state post-conviction relief.

Following the denial of his post-conviction relief efforts at the State level, Mr. Collins received a copy of an interview with paramedic Richard Lynn Jackson, who transported and treated one of the victims in this case, Mr. Gallop. Mr. Jackson stated Mr. Gallop's death was "probably, possibly" the result of errors by the staff

at the hospital where Mr. Gallop was taken for treatment. See Exhibit 1, Interview of Richard Lynn Jackson on March 11, 1992, 5:53 p.m.

On August 3, 2015, during a United States Justice Department review of prior FBI crime lab findings, the Federal Bureau of Investigation Crime Laboratory now determined that the prior positive hair "match" was untrue; Collins was not linked forensically to the crime scene. See Exhibit 2, correspondence from U.S. Department of Justice.

## SUMMARY OF ARGUMENT

Mr. Collins is actually innocent of the charges and has been the victim of the State's misrepresentations and withholding of *Brady*, *Giglio* and *Jencks* materials. Without that suppression, no conviction could have occurred. That fact is inescapable and dictates this Court grant the requested habeas relief and free Mr. Collins from imprisonment.

## JURISDICTION

This Court possesses jurisdiction pursuant to 28 U.S.C. § 2254. This motion attacks defects in the collateral review process itself, as opposed to the underlying conviction and sentence. As such, this type of motion, not raising a new claim against the criminal judgment, but "seeking a remedy for some defect in the collateral review process", will not be deemed to be a successive 2254. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

## A. <u>Relevant Standard For Actual Innocence</u>

The clearest and most definitive framework analysis provided by the Supreme Court in evaluating actual innocence requests is: "[T]he prisoner must show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 n.17, 106 S.Ct. 2616, 2627 n.17, 91 L.Ed. 2d 364 (1986) (quoted in *Cannady v. Dretke*, 173 Fed. Appx. 321, 328 (5th Cir. 2006)) (defining such as a miscarriage of justice). See *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (fundamental miscarriage of justice exception is grounded in the "equitable discretion" of the court. Undisclosed evidence should be considered material "if [it] creates a reasonable doubt that did not otherwise exist" as to the defendant's guilty. *United States v. Agurs*, 427 U.S. 97, 112, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976). This does not mean that the defendant must be able to show that the evidence would probably lead to an acquittal. Rather, "the fact that such evidence was available to the prosecutor and not submitted to the defense places it in a different category than if it had simply been discovered from a neutral source

after trial. For that reason the defendant should not have to satisfy the severe burden of demonstrating that [it] probably would have resulted in an acquittal. *Agurs*, 427 U.S. at 111.

## B. Brady and Giglio Violations and the States Disclosure Responsibility

The Fifth and Fourteenth Amendments require the government to disclose specific types of evidence to defendants. For example, in *Brady v. Maryland*, 373 U.S. 83, 87 (1963) the Supreme Court held that due process requires the prosecution to disclose, upon request, evidence favorable to an accused person when such evidence is material to guilt or punishment. See *United States v. Bagley*, 473 U.S. 667, 682 (1985), holding the government's duty under *Brady* arises regardless of whether the defendant makes a request for the evidence. A Brady violation occurs when (1) evidence is favorable to the accused because it is exculpatory or impeaching; (2) evidence was suppressed by the prosecution, either willfully or inadvertently; and (3) prejudice ensued. See also *Giglio v. United States*, 405 U.S. 150, 153-155, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (requiring disclosure of evidence affecting credibility of prosecution witnesses.

## C. <u>Collins Shows Actual Innocence, A Constitutional Violation, And No Other Avenue Of Relief</u>

The essence of a petition for a writ of habeas corpus under 28 U.S.C. § 2254 is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Moreover, the All Writs Act, 28 U.S.C. § 1651(a) provides that "the Supreme Court and all courts established by Act of Congress may issue writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The Act authorizes a federal court to issue such commands as may be necessary or appropriate to rectify an injustice, such as extreme governmental misconduct.

Collins' pleading makes the required showing of actual innocence, a Constitutional violation, and that he had no other avenue of relief to vindicate the claim. See *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1, 20 (2006): actual innocence would "warrant federal habeas relief if there were no ... avenue open to process such a claim" (granting certiorari and reversing judgment of Circuit Court)[1]. See also *Herrera v. Collins*, 506 U.S. 390, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). See *Murray v Carrier*, 477 U.S. 478, 495, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986): "[F]inality ... must yield to the imperative of correcting a fundamentally unjust incarceration."

The failure to permit a remedy in this case would raise serious constitutional questions. Whenever a judge believes "justice would seem to demand a forum for the prisoner's claim in so pressing a fashion as to cast doubt on the constitutionally

---

[1] *Williams v. Thaler*, 602 F.3d 291, 299 (5th Cir. 2010) (same).

of the law that would bar" his petition, the prisoner should be permitted access to habeas corpus writs. *Triestman v. United States*, 124 F. 3d 361, 378 (2nd Cir. 1997).

Freedom from imprisonment, from government custody lies at the heart of the liberty that the Due Process Clause of U.S. Constitution Amendment V protects.

## I.   **ARGUMENT**

PETITIONER'S RIGHT TO DUE PROCESS WAS VIOLATED IN THAT THE STATE COERCED PETITIONER TO PLEAD GUILTY ON THE BASIS OF FALSE EVIDENCE IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

1. Collins  was convicted and sentenced on the basis of unreliable evidence, materially untrue assumptions, and misinformation;

2. The State has committed prosecutorial misconduct, withheld *Brady* information, and statements from its witnesses, presented known false evidence to the grand jury to obtain the indictment,  and withheld material impeachment evidence from Collins.

In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998), the Court was presented with the issue of whether a § 2254 petition was successive where the only claim being presented had been dismissed as premature and unripe in a prior § 2254 petition, although the rest of the earlier petition had been resolved on the merits.  The court held that the  numerically second

petition was <u>not</u> second or successive for purposes of AEDPA. Part of the Court's rationale was that those claims "would not be barred under any form of *res judicata*." 118 S. Ct. at 1622. See *United States v. Juarez-Sanchez*, 223 Fed. Appx. 348, 349 (5th Cir. 2007) (explaining that the cases in which the Supreme Court has held that a prisoner's second filing did not constitute a successive petition "were based on the fact that, in the first petition, 'the habeas petitioner [did] not receive an adjudication of his claim.'").

"Dismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas*, 517 U.S. 314, 323, 134 L. Ed. 2d 440, 116 S. Ct. 1293 (1996). See also *Slack v. McDaniel*, 529 U.S. 473, 483, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000) ("The writ of habeas corpus plays a vital role in protecting constitutional rights"). "When a habeas petition has been dismissed on a clearly defective procedural ground, the State can hardly claim a legitimate interest in the finality of that judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 541, 162 L. Ed. 2d 480, 125 S. Ct. 2641 (2005).

## A. The State's Misconduct Prevented Full Development of The Claim Earlier

The failure of Collins to fully develop the record previously before this Court was caused by an "objective factor external to the defense [which] impeded ... [defendant's] efforts to " develop the claim in the proceedings. *McCleskey v. Zant*,

8

499 U.S. 467, 493-94, 113 L. Ed. 2d 517, 111 S. Ct. 1454 (1991). That factor was

the State's willful suppression. See *Wolfe v. Clarke*, 2011 U. S. Dist. LEXIS 91447,

(E.D. VA 2011) (granting habeas relief for government suppression of *Brady*

information and finding a supplemental pleading under Rule 15(d) proper where

evidence of perjurious statements sponsored by prosecution did not come to light

until after Wolfe's original habeas petition).

> "In light of the fact that Barber admitted his perjury after the criminal
> trial and after Wolfe's original habeas petition, Petitioner's motion is
> properly considered as a supplemental pleading under Rule 15(d) of the
> Federal Rules of Civil Procedure." *Id.*

"When public officers connive at or knowingly acquiesce in the use of perjured

evidence, their misconduct denies a defendant due process of law." *Stockton v.*

*Virginia*, 852 F.2d 740, 749 (4th Cir. 1988). Collins' Constitutional Due Process

rights were materially and prejudicially violated by the Government's wanton

disregard for the law.

**1. Prejudicial Effects of the Suppression**

The claims of prosecutorial misconduct and suppression of *Brady, Jencks,*

*Giglio* and *Napue* materials, must be read in conjunction with Collins' entire original

habeas petition's underlying claim: the plea was unknowing and involuntary, due to

*inter alia*, ineffective assistance of counsel. It is Collins' contention that the

suppression of *Brady* and *Jencks* materials prevented Collins from making a

knowing and voluntary decision to plead guilty. Second, by failing to reveal that

they were refusing to turn over Court Ordered discovery, Collins was entitled to have the entire plea proceedings stricken. Further, the suppressed information was material to Collins' sentencing.

See *Banks v. United States*, 920 F. Supp. 688 (E.D. Va. 1996) (granting habeas relief and vacating conviction obtained by guilty plea where Government's suppression of *Brady* and *Giglio* materials rendered plea unknowing and involuntary; collecting cases).

## II. ADDITIONAL DEFECTS IN THE INTEGRITY OF THE HABEAS PROCEEDINGS

### A. Former Appointed Counsel Made Material Misrepresentations In The Habeas Proceedings And Withheld Evidence

In the original habeas proceedings, appointed counsel James Bell provided an affidavit denying that he rendered ineffective assistance of counsel in connection with advice concerning the plea agreement entered in this case. "When public officers connive at or knowingly acquiesce in the use of perjured evidence, their misconduct denies a defendant due process of law." *Stockton v. Virginia*, 852 F.2d 740, 749 (4th Cir. 1988).

## CONCLUSION

For all the above reasons, the Court is respectfully urged to vacate the conviction and sentence of Collins and schedule an evidentiary hearing.

Date: 6-15-23

Respectfully submitted,

Glenn Thomas Collins
W.T.S.P.
#128040
Unit 5a-7
P.O. Box 1150
Henning, TN  38041

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and accurate copy of the foregoing was served upon the State of

Tennessee, by placing a copy into the U.S. Mailbox, first-class postage prepaid, on

8/1/2023, to States Attorney, 400 Main St SW Suite 168, Knoxville, TN 37902.

Glenn Thomas Collins